# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff(s), | ) | 2:04-cv-1157-RLH-RJJ |
| vs. | ) | **O R D E R** |
| | ) | (Motion to Determine Jurisdiction–#18) |
| $42,989.76 IN UNITED STATES CURRENCY, NET SALES PROCEEDS OF 3926 CHAMPAGNE WOOD DRIVE, LAS VEGAS, NEVADA (KOHATH K. CARROLL-OWNER), | ) ) ) ) ) | (Motion to Strike–#21) (Motion to Clarify–#23) |
| Defendant(s). | ) | |

Before the Court are several motions, all arising from Kohath K. Carroll's original **Motion to Determine Jurisdiction** (#18, filed March 2, 2009). The United States filed a Response (#20) to that motion, followed by Carroll's Reply (#21). The United States then filed a **Motion to Strike Carroll's Reply or, in the Alternative, for Leave to File Sur-Reply** (#22), based on its argument that Carroll's Reply raised new issues not raised in the original motion. That, in turn, resulted in Carroll's **Request (Motion) to Clarify Plaintiff's Misleading Motion** (#23), which was interpreted as a response to the Motion to Strike. The United States filed its Reply (#24) in support of the Motion to Strike/Leave to File, and Carroll filed a Reply to the United States' Reply (#25). Having been granted leave to file a sur-reply, the United States filed its Sur-Reply (#30), to which Carroll filed an Objection (#32).

This closed file having thus been amply added upon, the matter comes to the Court for resolution. Having carefully reviewed this multiplicity of manuscripts, the Court denies all the motions with the exception of the motion to file the sur-reply (which was previously granted).

BACKGROUND

Kohath Carroll was indicted on December 23, 2003, on three counts of distribution of a controlled substance and one count of possession of a controlled substance with intent to distribute. On January 10, 2005, a superseding information was filed and Carroll ultimately pleaded guilty to one count of distribution of a controlled substance. Judgment was entered on April 20, 2005.

Meanwhile, on February 2, 2004, a seizure warrant was issued for the proceeds of the sale of property at 3926 Champagne Wood Drive, Las Vegas, Nevada, which was documented to be the proceeds of Carroll's illegal activities. The amount of $42,989.76 was seized from Stewart Title from the sale of the property. Notices were sent to Carroll's last known address, but were returned. Notice was duly published in the Wall Street Journal.

On April 26, 2004, the DEA received a defective civil administrative claim from Kohath Carroll, which was rejected. A second civil administrative claim was received by the DEA on May 21, 2004, which was apparently also rejected. On June 1, 2004, the DEA notified Carroll that it was referring the matter to the Untied States Attorney's Office to institute civil forfeiture proceedings. On August 19, 2004, the United States Attorney filed a complaint for civil forfeiture

The summons and complaint were served on Kohath Carroll and upon his attorney on September 29, 2004, and notice was published in the local Review Journal newspaper. Carroll never filed an answer to the complaint nor a claim upon the proceeds. The Clerk entered default on November 23, 2004. The United States filed a Motion for Default Judgment (#9) on November 29, 2004. Default Judgment was entered December 6, 2004.

Two years after being served with the complaint, on October 23, 2008, Carroll filed a Motion to allow a late filing to dismiss the complaint. The Court denied the motion on the grounds that it was untimely and Carroll lacked standing to bring such a motion.

Six months later, Carroll filed the present motion challenging this Court's jurisdiction, making the following allegations: (1) the complaint was filed before a conviction was obtained,

in violation of 21 U.S.C. § 853, Fed R. Cr. P. 7, and 32.2; (2) the indictment did not contain a forfeiture count as required by Rule 7(c)(2); (3) there was no preliminary order of forfeiture as mandated by Rule 32.2; (4) the property was not forfeited in a criminal case as required by § 853; and, (5) he was not served with notice of the request for default or for default judgment.[1]

In his Reply, Carroll raised two new bases for his motion: (1) the United States never obtained a seizure warrant for the property, and (2) the United States did not provide adequate notice to interested parties during the administrative forfeiture proceedings or of the filing of the complaint and subsequent proceedings (including, but not limited to, notice of the default or default judgment.

DISCUSSION

None of the bases for Carroll's complaint have merit.

First, this is a civil forfeiture, governed by 18 U.S.C. § 981 and 983[2], not a criminal forfeiture, governed by 21 U.S.C. § 853, 18 U.S.C. § 982, or Rules 7 and 32.2. The United States is given the alternative of proceeding under either procedure, but it appears that the usual practice is to use the criminal forfeiture procedure when the property is the instrumentality used to commit the crime (*e.g.*, a firearm, drugs, money used to buy the drugs, etc.), whereas civil forfeiture is usually used for property obtained with the proceeds of criminal activity (*e.g.*, used to buy real estate, an automobile, etc.). There are some exceptions to the latter identified in 18 U.S.C. § 982, and the foregoing may be an over simplification. What is important is that there are some different requirements between the two procedures.

In a criminal forfeiture there is a forfeiture count included in the indictment, a preliminary order of forfeiture entered before conviction and a final order of forfeiture entered after

---

[1] (5) was mistakenly thought by the United States to be one of the new claims made in Carroll's reply. However, there were new claims made in the reply which justified the Court's permitting of the sur-reply by the United States.

[2] There are additional statutes, but citing these will suffice.

1  conviction.  This often involves, for example, forfeiture of a firearm in a felon in possession charge,
2  a bank robbery charge, or a drug charge is the weapon was used or possessed in relation to the crime
3  itself.
4        A civil forfeiture deals with property that was not, itself, used in connection with, or
5  to facilitate, a crime.  Rather, it is property that was obtained using proceeds obtained as a result of
6  criminal activity.  Sometimes that property is not even in the name of the person who committed the
7  original crime.
8        In a civil forfeiture case, a seizure warrant is issued against the property itself, not its
9  owner or someone who might claim an interest in the property.  The warrant is then served on
10 whomever possesses the property.  In this case it was money representing the proceeds of the sale of
11 real estate which was held by the escrow/title company.  Contrary to Carroll's claim, a seizure
12 warrant was issued by a Magistrate Judge, and executed upon.
13       Notice of the forgoing was served on Carroll who actually attempted to assert a
14 claim, but which were rejected.  He was notified that the matter was being referred to the United
15 States Attorney to initiate foreclosure.  There is no requirement that there be a forfeiture count
16 contained in Carroll's indictment.  There is no requirement that the U.S. Attorney was required to
17 wait until conviction to proceed with the foreclosure.
18       A complaint was filed, to which was attached a copy of the indictment, a 32-page
19 affidavit regarding Carroll's drug dealing, and an 8-page affidavit showing the flow of the drug
20 activity proceeds through bank accounts and to the real property.  The summons and complaint were
21 served both on Kohath Carroll, and his criminal defense attorney, and were published in a qualified
22 newspaper.
23       Carroll neither filed an answer to the complaint nor a claim.  He was in default.
24 When a party defaults his obligations to file an appropriate response, as required by the summons,
25 the Plaintiff is not obligated to give notice of the entry of default or its motion for default judgment.
26 / /

1    It is two years later that Carroll brings a motion to allow him to file a late motion to
2 dismiss the complaint.  Had it not been so untimely, perhaps a motion to set aside the default
3 judgment on the basis that he was not served (if that were, in fact, the case), might have been
4 considered.  As it was, the judgment was nearly two years old, with no claim that he was not aware
5 of the forfeiture complaint.  Not only was the motion untimely, he had no standing to bring a motion
6 to dismiss a case in which judgment had already been entered.

7    When that effort failed, Carroll brought the present motion claiming lack of
8 jurisdiction, which the Court felt obligated to address, but which it finds has no merit.  The
9 procedures followed by the United States were correct.  The notices were more than adequate.
10 There has been no violations of federal law or rule, or of Carroll's constitutional rights.  This Court
11 has and had jurisdiction.  The denial of the motion to strike provided opportunity for Carroll to give
12 expression to every possible argument.  No clarification of the United States' position or argument
13 was necessary.  The new claims asserted in Carroll's Reply necessitated the
14 Government's Sur-Reply, and Carroll's objection is overruled.

15    IT IS THEREFORE ORDERED that Kohath K. Carroll's **Motion to Determine**
16 **Jurisdiction** (#18) is DENIED.

17    IT IS FURTHER ORDERED that the United States' **Motion to Strike Carroll's**
18 **Reply or, in the Alternative, for Leave to File Sur-reply** (#22) is DENIED as to the motion to
19 strike, and granted as to Leave to File Sur-Reply.

20    IT IS FURTHER ORDERED that Carroll's **Request (Motion) to Clarify**
21 **Plaintiff's Misleading Motion** (#23) is DENIED.

22    Dated: October 29, 2009.

_____
Roger L. Hunt
Chief United States District Judge

5